# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| | § | **CASE NO. 6:19-CR-00009-JDK** |
| **vs.** | § | |
| | § | |
| | § | |
| **ERIC LAMONT PETTIGREW (1)** | § | |
| | § | |

## REPORT AND RECOMMENDATION
## ON REVOCATION OF SUPERVISED RELEASE

On March 5, 2026, the Court held a final revocation hearing on a Petition for Warrant or Summons for Offender under Supervision. The Government was represented by Assistant United States Attorney Dustin Farahnak. Defendant was represented by Assistant Federal Defender Jonathan Hyatt.

### *Background*

After pleading guilty to the offense of Possession with Intent to Distribute Cocaine Base (Count 2), a Class B felony, and Possession of a Firearm During and in Furtherance of a Drug Trafficking Crime (Count 3), a Class A felony, Defendant Eric Lamont Pettigrew was sentenced on March 17, 2020, by United States District Judge Jeremy D. Kernodle. These offenses carried a statutory maximum imprisonment term of 40 years for Count 2 and life for Count 3. The guideline imprisonment range, based on a total offense level of 21 and a criminal history category of V, was 70 to 87 months for Count 2 and a required minimum 60-month term of imprisonment on Count 3. The Court granted a 5K1.1 motion for substantial assistance and departed downward from the guideline range. The Court sentenced Defendant to imprisonment for a term of 30 months on Count 2 and 60 months on Count 3, to run consecutively for a total imprisonment term of 90 months, followed by a 5-year term of supervised release on each count, to run concurrently, subject

1

to the mandatory and standard conditions of release, plus special conditions to include financial disclosure, drug after-care and a $200 special assessment.  On June 10, 2024, the Court granted a motion for sentence reduction and reduced Defendant's sentence on Count 2 to imprisonment for a term of 24 months, with no change to the imprisonment term on Count 3.  The Court additionally reduced Defendant's criminal history category to IV.  On January 17, 2025, Defendant's sentence was commuted by order of clemency, with no change to the terms of supervised release.  On May 16, 2025, Defendant completed his term of imprisonment and started service of his term of supervised release.

### *Allegations*

In the Petition seeking to revoke Defendant's supervised release, filed on December 19, 2026, United States Probation Officer Lupe Saucedo alleges that Defendant violated the following conditions of supervised release:

1. **Allegation 1 (mandatory condition 1): The defendant must not commit another federal, state, or local crime.**  It is alleged that Defendant committed the new law violations of Driving While Intoxicated/Open Container, a class B misdemeanor, and Evading Arrest Detention with Motor Vehicle with Previous Conviction, a 3rd degree felony, in Smith County, Texas, on or about December 7, 2025.

2. **Allegation 2 (mandatory condition 3): The defendant must refrain from any unlawful use of a controlled substance.  The defendant must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.**   It is again alleged that Defendant tested positive for methamphetamine on or about November 17, 2025.

3. **Allegation 3 (special condition):  The defendant must participate in a program of testing and treatment for substance abuse and follow the rules and regulations of that program until discharged.  The probation officer, in consultation with the treatment provider, will supervision the defendant's participation in the program.  The defendant must pay any cost associated with treatment and testing.**  It is alleged that Defendant failed to submit a random urine specimen as required of the NAPP Random Drug Testing Program on September 26, 2025.

***Applicable Law***

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without credit for the time previously served under supervision, if it finds by a preponderance of the evidence that Defendant violated a term of supervised release.  Supervised release shall be revoked upon a finding of a Grade A or B supervised release violation.  U.S.S.G. § 7B1.3(a)(1).  In the present case, Defendant's original offenses of conviction were Class B and Class A felonies. Accordingly, the maximum imprisonment sentence that may be imposed is 3 years and 5 years, respectively.  18 U.S.C. § 3583(e).

Under the Sentencing Guidelines, which are non-binding,[1] if the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by committing the offense of Evading Arrest/Detention with Motor Vehicle with Previous Conviction and possessing methamphetamine, as alleged in the petition, Defendant is guilty of a Grade B violation.  U.S.S.G. § 7B1.1(a).  Defendant's original criminal history category was IV.  The guidelines provide that Defendant's guideline imprisonment range for a Grade B violation is 12 to 18 months.  If the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by committing the offense of Driving While Intoxicated/Open Alcohol Container, using methamphetamine and failing to provide a random urine specimen, as alleged in the petition, Defendant is guilty of a Grade C violation.  U.S.S.G. § 7B1.1(a).  With

---

[1] The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings."  *United States v. Brown*, 122 Fed.Appx. 648, 2005 WL 518704, slip op. p.1 (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir. 1995)); see also *United States v. Mathena*, 23 F.3d 87 (5th Cir. 1994) (policy statements contained in Chapter 7 of the Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

Defendant's original criminal history category of IV, the guidelines provide that Defendant's guideline imprisonment range for a Grade C violation is 6 to 12 months.

### Hearing

On March 5, 2026, Defendant appeared for a final revocation hearing. Assistant United States Attorney Dustin Farahnak announced that Defendant and the Government reached an agreement for Defendant to enter a plea of true to Allegation 2 of the petition, and to jointly request a sentence of imprisonment for a term of 12 months and 1 day with no further term of supervised release. Mr. Hyatt stated that Defendant has been in continuous custody for the conduct alleged in the petition since its filing date. After the Court explained to Defendant his right to a revocation hearing, he waived his right to a revocation hearing and entered a plea of "true" to Allegation 2 of the petition. Defendant requested a recommendation to the Bureau of Prisons to confine him at FCI Seagoville or FCI Texarkana to accommodate family visitation.

### Findings and Conclusions

I find that Defendant is competent and that his plea and waiver of the revocation hearing was knowingly and voluntarily made. I accept Defendant's plea and find by a preponderance of the evidence that Allegation 2 of the petition is true. Defendant is guilty of a Grade C supervised release violation. I further find and conclude that Defendant's term of supervised release should be revoked and that he should be sentenced to imprisonment for a term of 12 months and 1 day with no further term of supervised release. Any criminal history monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

### **RECOMMENDATION**

In light of the foregoing, it is recommended that Defendant's plea of true to Allegation 2 of the petition be **ACCEPTED** and that Defendant's term of supervised release be **REVOKED**.

It is further recommended that Defendant be sentenced to imprisonment for a term of 12 months and 1 day with no further term of supervised release.  Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.  It is finally recommended that the Court request the Bureau of Prisons to designate Defendant to FCI Seagoville or FCI Texarkana to accommodate family visitation.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of his right to object to this Report and Recommendation and to be present and allocute before being sentenced by the Court.  Defendant waived those rights and executed a written waiver in open court.  The Government also waived its right to object to the Report and Recommendation.  It is therefore recommended that the Court revoke Defendant's supervised release and enter a Judgment and Commitment for him to be sentenced to imprisonment for a term of 12 months and 1 day with no further term of supervised release.

So ORDERED and SIGNED this 5th day of March, 2026.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE